IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO and IRENE PUMAREJO, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| | § § | **JURY** |
| STATE FARM LLOYDS, | § § | |
| Defendant. | § | |

### **DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant STATE FARM LLOYDS (hereinafter "Defendant SFL"), files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and would show as follows:

### I.  INTRODUCTION

1. On or about January 27, 2015, Plaintiffs RICARDO PUMAREJO and IRENE PUMAREJO (hereinafter "Plaintiffs") filed their Original Petition and Request for Disclosure ("the Petition") in Cause No. C-0378-15-E in the 275th Judicial District Court of Hidalgo County, Texas, initiating a civil cause of action against Defendant SFL.  See Exhibit A.

2. Plaintiffs allege multiple claims and causes of action against Defendant SFL related to Defendant's handling of an insurance claim submitted by Plaintiffs.  Plaintiffs specifically allege breach of contract, violation of the Texas Deceptive Trade Practices Act, non-compliance with Sections 541 and 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing and fraud.  Plaintiffs further allege that Defendant SFL's conduct was committed "knowingly" and/or "intentionally."

3. Defendant SFL received the Citation and the Petition on or about February 10, 2015, which was mailed via certified mail on February 4, 2015.  See Exhibit B.  Defendant SFL filed its

Original Answer and Special Exceptions on February 25, 2015.  See <u>Exhibit C</u>.  Defendant SFL now files the instant Notice of Removal based on the grounds asserted herein because diversity exists between the parties and the amount in controversy exceeds $75,000.  Promptly after filing this Notice of Removal, Defendant SFL is also filing a Notice of Removal of Civil Action with the State Court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

4.   This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5.   At the time this action was commenced, Plaintiffs were, and still are, residents of Texas.  Pursuant to the Texas Administrative Code, proof of domicile is a requirement for application for a Texas driver's license.  TEX. ADMIN. CODE, Title 37 § 15.49.  Additionally, the Texas Administrative Code requires a driver's license applicant to provide a Texas residence address.  *Id.* at § 15.25.  The Fifth Circuit has stated that "the place of residence is prima facie the domicile."  *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954).  Additionally, "[f]or purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous." *See Hendry v. Masonite Corp.,* 455 F.2d 955, 955 (5th Cir. 1972).  Plaintiffs in the instant case have Texas driver's licenses containing a local, Texas address and thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.  See <u>Exhibit E</u>.

6.   Defendant SFL was, at the time this action was commenced, and still is, a citizen of Illinois.  Defendant SFL is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes.  *See Royal Ins. Co. of*

*Am. V. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).  See Exhibit F.  Therefore, complete diversity of citizenship exists between Plaintiffs and Defendant SFL.

7.      Additionally, the claims asserted by Plaintiffs allegedly exceed $75,000.00.  See Exhibit E.  To determine the amount in controversy, in addition to policy limits and potential attorneys' fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—not just interest or costs.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir.1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount.");  *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss.1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (*citing Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)).  Taking into account the demand letter submitted by Plaintiffs which demands $92,966.21, including requests for treble damages under the DTPA, the amount in controversy for Plaintiffs' claims exceeds the jurisdictional $75,000.00 amount.  See Exhibit E.

8.      Therefore, this action may be removed by Defendant SFL pursuant to 28 U.S.C. § 1441(b).

### III.    VENUE

9.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, Texas State District Courts of Hidalgo County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV.     PROCEDURAL REQUIREMENTS

10.     Pursuant to 28 U.S.C. § 1446(a) and the Southern District of Texas Local Rule LR81, the following exhibits are attached and indexed:

| | |
|---|---|
| Exhibit A: | A copy of Plaintiffs' Original Petition and Request for Disclosure filed on January 27, 2015; |
| Exhibit B: | A copy of the Citation and executed process for Defendant State Farm Lloyds; |
| Exhibit C: | A copy of Defendant SFL's Original Answer and Special Exception filed on February 25, 2015; |
| Exhibit D: | A copy of the state court docket sheet ("Case Summary"); |
| Exhibit E: | Affidavit of Michael Klein; |
| Exhibit F: | Affidavit of Jim Larson identifying State Farm Lloyds members with citizenship in Illinois; |
| Exhibit G: | An index of all documents being filed; and |
| Exhibit H: | A list of all counsel of record. |

11.     This Notice of Removal is being filed by Defendant SFL within thirty (30) days of receipt of the citation and the Petition, and is thus timely filed under 28 U.S.C. § 1446(b). There exists an actual and justifiable controversy between Plaintiffs and Defendant SFL with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

12.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

14.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 275th Judicial District of Hidalgo County, Texas promptly after filing of same.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM LLOYDS respectfully requests that the above-captioned action now pending in the 275th Judicial District Court of Hidalgo County, Texas be removed to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully Submitted,

*/s/ Michael Klein*
Michael Klein
State Bar No. 11563200
S.D. Bar No. 5318
Lisa Magids
State Bar No. 24002600
S.D. Bar No. 22023
SEDGWICK LLP
919 Congress Ave., Suite 1250
Austin, TX  78701
(512) 481-8400
(512) 481-8444
michael.klein@sedgwicklaw.com
lisa.magids@sedgwicklaw.com

**ATTORNEYS FOR DEFENDANT STATE FARM LLOYDS**

## **CERTIFICATE OF SERVICE**

  This is to certify that on March 9, 2015, I caused to be electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on counsel for Plaintiff, as listed below and in the manner indicated:

    *Via Electronic Filing Service*
    Pape Malick Djiba
    Aloysius Peter Thaddeus, Jr.
    Vicente Gonzalez
    V. GONZALEZ & ASSOCIATES, P.C.
    121 N. 10th St.
    McAllen, TX  78501

            */s/ Michael Klein*
            MICHAEL KLEIN