# EXHIBIT A

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NUMBER **C-0378-15-E**

| | | |
|---|---|---|
| RICARDO AND IRENE PUMAREJO | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, IRMA GARZA (hereinafter referred to as ("PLAINTIFFS"), and file their first Original Petition against DEFENDANT, STATE FARM LLOYDS for cause of action would respectfully show the Court the following:

#### I.  Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 3.

#### II.  Service of Process

Defendant, STATE FARM LLOYDS, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service:

1

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

**RENDI BLACK c/o STATE FARM, 17301 PRESTON ROAD, DALLAS, TEXAS, 75252-5727.**

STATE FARM LLOYDS is in the business of insurance in the State of Texas. The insurance business done by STATE FARM LLOYDS in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFFS;

2. The taking or receiving of application for insurance, including the PLAINTIFFS application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5. The adjusting and inspection of PLAINTFFS insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

III. Jurisdiction and Venue

Venue of this action is proper in Hidalgo County, Texas because: the policy at issue was issued and delivered in Hidalgo County, Texas; the property insured is situated in Hidalgo County, Texas; PLAINTIFFS losses occurred in Hidalgo County, Texas, and

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS

claims and causes of action occurred in Hidalgo County, Texas.

IV.    Facts

STATE FARM LLOYDS and/or its agents committed the actions alleged against

PLAINTIFFS in this complaint.    PLAINTIFFS **(RICARDO AND IRENE**

**PUMAREJO)** own the property located at: 603 S. 2ND AVE., EDINBURG, TEXAS,

78539, **POLICY NO.:** 90-77-9547-1, **CLAIM NO.:** 53-5N10-790.   STATE FARM

LLOYDS provided coverage to the PLAINTIFFS for such building, personal property,

and other matters under STATE FARM LLOYDS insurance **POLICY NO.:** 90-77-9547-

1.   During the term of said policy, PLAINTIFFS sustained covered loss in the form of

multiple rain/windstorm/hailstorm events on or about **December 19, 2014** in Hidalgo

County, and water damages resulting there from, including damage to the architectural

finishes of the property.    PLAINTIFFS promptly reported losses to STATE FARM

LLOYDS pursuant to the terms of the insurance policy.    As a result, PLAINTIFFS

property sustained damage, including the cost of destruction and restoration of the

property necessary to access and fix the damaged areas.    These are covered damages

under PLAINTIFFS insurance policy with STATE FARM LLOYDS.    PLAINTIFFS

have been damaged in an amount in excess of the minimum jurisdictional limits of this

Court, including injuries sustained as a result of having conduct business during the

pendency of STATE FARM LLOYDS conduct.

V.    Conditions Precedent

All notices and proofs of loss were timely and properly given to STATE FARM

LLOYDS in such manner as to fully comply with the terms and conditions of the relevant

3

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0378-15-E

insurance policies or other contracts and applicable law.  More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to STATE FARM LLOYDS.  All of the conditions precedent to bring about this suit under the insurance policy have occurred.  Despite the fact that all conditions precedent to PLAINTIFFS recovery has occurred and/ or has been performed, STATE FARM LLOYDS have failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with STATE FARM LLOYDS.  PLAINTIFFS' property was damaged by windstorm and water damage, of which are covered under the insurance policy.  STATE FARM LLOYDS has denied and/or delayed payment of PLAINTIFFS covered claims.  STATE FARM LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS claims for damages.  STATE FARM LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims.  The conduct of STATE FARM LLOYDS was irresponsible, and unconscionable. STATE FARM LLOYDS took advantage of the PLAINTIFFS lack of sophistication in insurance and construction matters to a grossly unfair degree.  STATE FARM LLOYDS has, by its conduct, breached its contract with the PLAINTIFFS.  The conduct of STATE FARM LLOYDS has proximately caused the injuries and damages to the PLAINTIFFS.

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

VII.    Second Cause of Action: DTPA Violations

PLAINTIFFS are a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, STATE FARM LLOYDS has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFFS damages:

(a)    STATE FARM LLOYDS made false representations about PLAINTIFFS rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    STATE FARM LLOYDS actions constitute an unconscionable course of conduct entitling PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    STATE FARM LLOYDS failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by STATE FARM LLOYDS at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, STATE FARM LLOYDS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

STATE FARM LLOYDS took advantage of PLAINTIFFS lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

PLAINTIFFS property.  STATE FARM LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFFS for which PLAINTIFFS sue.  The conduct of the STATE FARM LLOYDS was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, STATE FARM LLOYDS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.  PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.   Unfair Insurance Practices

STATE FARM LLOYDS failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. STATE FARM LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. STATE FARM LLOYDS has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS.   Further, STATE FARM LLOYDS have intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and have intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which STATE FARM LLOYDS is fully aware.  STATE FARM LLOYDS has concealed damage known by them to exist. STATE FARM LLOYDS has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS plead for help.  STATE FARM LLOYDS has failed to warn PLAINTIFFS of consequential damage to their property.

By its conduct outlined above, STATE FARM LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code,

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

and the statutes, rules and regulations incorporated therein. STATE FARM LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     STATE FARM LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     STATE FARM LLOYDS failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     STATE FARM LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     STATE FARM LLOYDS breached its duty of good faith and fair dealing at common law;

(5)     STATE FARM LLOYDS failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)     STATE FARM LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0378-15-E

(7)    STATE FARM LLOYDS compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)    STATE FARM LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)    STATE FARM LLOYDS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)    STATE FARM LLOYDS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)    STATE FARM LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)    the terms of the policy; and/or

(ii)    the benefits or advantages promised by the policy.

(b)    STATE FARM LLOYDS made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)    STATE FARM LLOYDS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

8

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

(d)    STATE FARM LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)    Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f)    Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16).

STATE FARM LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFFS for which it sues.

IX.    Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS claims were presented to STATE FARM LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS claims, STATE FARM LLOYDS refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, STATE FARM LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear.  STATE FARM LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS claims in good

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFFS. STATE FARM LLOYDS breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

X.     Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claims to STATE FARM LLOYDS. STATE FARM LLOYDS has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claims. STATE FARM LLOYDS reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. STATE FARM LLOYDS investigation and use of adjusters' reports was an "outcome oriented investigation. STATE FARM LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)     Failing to pay PLAINTIFFS claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)     Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from STATE FARM LLOYDS the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFFS alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS have substantially complied and/or is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by STATE FARM LLOYDS as to any exclusion, condition, or defense pled by STATE FARM LLOYDS, PLAINTIFFS would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.  Any other construction and its use by STATE FARM LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3.  Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.  Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

11

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

5.  The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS predecessor policy with STATE FARM LLOYDS. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterrupted for many years; and

6.  The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, STATE FARM LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFFS construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS pleads the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional

Electronically Filed
1/27/2015 3:17:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0378-15-E**

damages and punitive damage under the facts set forth in this or any amended pleading in

exceeding the minimal jurisdicted limits of the court.

XIII.   JURY DEMAND

PLAINTIFFS requests this Court empanel a jury to sit in the trial of this matter.   The

requisite jury fee will be paid as required by law.

XIV.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that STATE FARM

LLOYDS disclose, within 50 days of the service of this request, the information or

material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,


**V. GONZALEZ & ASSOCIATES, P.C**.
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ Pape Malick Djiba.
**PAPE MALICK DJIBA**
State Bar No. 24087430
mdjiba@vgonzalezlaw.com


**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com


**VICENTE GONZALEZ**
State Bar No. 00798215


*ATTORNEYS FOR PLAINTIFFS*