IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO and IRENE PUMAREJO | § | |
| | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO 7:15-CV-00101 |
| | § | |
| vs. | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant | § | |

PLAINTIFFS FIRST AMENDED PETITION

COMES NOW RICARDO and IRENE PUMAREJO, hereinafter refered to as PLAINITFFS, and this their First Amended Petiton against STATE FARM LLOYDS, hereinafter Referred to as DEFENDANT, nd for casue of action would show the ocurt as follows:

A. Parties

1. Plaintiffs RICARDO and IRENE PUMAREJO are residnt citizens of Hidalgo County, Texas and are the owners of a three apartment building lcoated at 603 S. 2ND Avenue, Edinburg, Hidalgo County, Texas.

2. Defendnat STATE FARM LLOYDS is an insurance company licensed to conduct busienss under the laws of the state ofTexas and as appeared and answered here.

B. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendant are citizens of different states and the original amount in controversy exceeded $75,000, excluding interest and costs.

C. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(2)/§1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and because a substantial part of the property at issue is situated in this MNcAllen Diviosn of the Southern District . The real proeprty and improvemens which this claims are based on wis locate in Edinburg, Hidalgo County, Texas. The insurance policy upon this claim is also based was purchased by the Plainrtiffs in Hidalgo County, Texas, within the McAllen Division of this court.

D. Conditions Precedent

5. All conditions precedent have been performed or have occurred to best of the ability of the Plaintiffs.

E. Facts

6. Plaintiffs purchased a policy of insurance from STATE FARM LLOYDS, Policy # . The policy of insurance provided wind\hail storm insurance coverage for the Plaintiffs' property located at 603 S. 2nd Avenue in Edinburg, Texas. The property located at 603 S. 2nd Ave is a three unit apartment building which is owned and maintained by the Plainitffs. in the Fall of 2014 plaitniffs became aware of water leaks on the roof over two of three apartments on their S. 2nd Avenue property. Tenants in the apartments notified laintiffs of water stains inside the apartments. Plaintiffs investigated the leaks and made arrangements to repair the leaks. Shortly before the repairs were done, one of the tenants moved out. Plaintiffs had the exteior repairs performed as quickly as possible because of the contiuned threat of further windy and rainy weather and in preparation for a new tenant. Plainitffs actions were in furtherance of their resposnisbuility to mitigate their damages. Thereafter, on or about December 19, 2014 Plainitffs were conducting an inspection of the apartments prior to as new tenant moving in,when the plainitffs noticed water

stains on the ceilings and walls and other places Apartments Nos 1 & 2. A that time Plainitffs called and reported the claim to State Farm. State Farm waited four days. uintil the eve of the Christmas holidays to follow up on the reported claim.

7. State Farm conducted a perfunctory inspection on January 5, 2015 and then promplty denied the claim purportedly on the basis that Plaintifs had, in the course of mitigating their damages, already repaired the roof.

8. Plainitffs prior experiences in claim handling delays and denials by State Farm in regards to the S. 2nd Avenue property and their home in the past plaintiffs very concerned about State Farm would treat them. Plainitffs were in the unenviable position of being caught between their duty to provide a habitable and healthy living space for their tenanats, and their duty to mitigate their damages. Despite the fact Plaintiffs took aciton to protec their propertyh, State Farm stilll penalized them for not waiiting and allowingtheir proeprtyh to deteriorate.

F. Breach of Contract

9. PLAINTIFFS purchased an insurance policy with State Farm Lloyds. PLAINTIFFS' property was damaged by windstorm and water damage, of which are covered under the insurance policy. State Farm Lloyds has denied of PLAINTIFFS' covered claims. State Farm Lloyds has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS'S claims for damages. State Farm Lloyds knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. State Farm decisions have penalized the Plaintiff for mitigating their damages and taking action to preserve their property. The conduct of State Farm Lloyds was irresponsible, and unconscionable. State Farm Lloyds took advantage of the PLAINTIFFS's lack of sophistication in insurance and construction matters to a grossly unfair degree. State Farm

Lloyds has, by its conduct, breached its contract with the PLAINTIFFS. The conduct State Farm Lloyds has proximately caused the injuries and damages to the PLAINTIFFS.

G. Second Cause of Action: DTPA Violations

10. PLAINTIFFS is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, State Farm Lloyds has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFFS damages:

(a) State Farm Lloyds made false representations about PLAINTIFFS rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b) (5), (7), (12) and (14), Texas Business & Commerce Code;

(b) State Farm Lloyds actions constitute an unconscionable course of conduct entitling PLAINTIFFS to relief under §17.50(a) (1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c) State Farm Lloyds failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by State Farm Lloyds at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b) (9) and (23), Texas Business and Commerce Code;

(d) As described above, State Farm Lloyds violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

H. Unfair Insurance Practices

11. State Farm Lloyds failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. State Farm Lloyds failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. State Farm Lloyds have failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS. Further, State Farm Lloyds have intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and have intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which State Farm Lloyds State Farm Lloyds are fully aware. State Farm Lloyds has concealed damage known by them to exist. State Farm Lloyds has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS's pleas for help. State Farm Lloyds has failed to warn PLAINTIFFS of consequential damage to their property.

12. By its conduct outlined above, State Farm Lloyds committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. State Farm Lloyds committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) State Farm Lloyds failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) State Farm Lloyds failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or

for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) STATE FARM LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) STATE FARM LLOYDS breached its duty of good faith and fair dealing at common law;

(5) STATE FARM LLOYDS failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) STATE FARM LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) STATE FARM LLOYDS compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) STATE FARM LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) STATE FARM LLOYDS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) STATE FARM LLOYDS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a) STATE FARM LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i) the terms of the policy; and/or

(ii) the benefits or advantages promised by the policy.

(b) STATE FARM LLOYDS made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a) (1); 28 TAC section 21.203(1));

(c) STATE FARM LLOYDS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) STATE FARM LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e) Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f) Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

STATE FARM LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFFS for which it sues.

I. Breach of the Duty of Good Faith and Fair Dealing

13. From and after the time the PLAINTIFFS' claims were presented to STATE FARM LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS claims, STATE FARM LLOYDS refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, STATE FARM LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. STATE FARM LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFFS. STATE FARM LLOYDS breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

J. Texas Insurance Code 542, Subchapter B Delay in Payment

14. PLAINTIFFS gave prompt notice of their claims to STATE FARM LLOYDS. STATE FARM LLOYDS has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claims. STATE FARM LLOYDS reliance on

reports and estimates from its adjusters and investigating adjusters has been “merely pretextual” and unreasonable. STATE FARM LLOYDS investigation and use of adjusters’ reports was an “outcome oriented investigation." STATE FARM LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

(a) Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b) Failing to pay PLAINTIFFS claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c) Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

15. Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from STATE FARM LLOYDS the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS claims, together with attorney’s fees, for which they sue.

K.

16. PLAINTIFFS alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS has substantially complied and/or is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by STATE FARM LLOYDS as to any exclusion, condition, or defense pled by STATE FARM LLOYDS, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;
2. Any other construction and its use by STATE FARM LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;
3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;
4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;
5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with STATE FARM LLOYDS. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterrupted for many years; and
6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

17. If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, STATE FARM LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFFS's construction of the policy coverage at issue. To the extent that the wording of such

policy does not reflect the true intent of all parties thereto, PLAINTIFFS pleads the doctrine of mutual mistake requiring reformation.

L.

18. WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

Respectfully submitted,

*/s/ Aloysius Peter Thaddeus, Jr.*

**ALOYSIUS PETER THADDEUS, JR.**
State Bar No.19819500
Fed I.D. No. 0793
121 North 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383
Attorney for the Plaintiff

Of Counsel: V. GONZALEZ & ASSOCIATES, P.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of October 2015, I have caused a true and correct copy of the foregoing instruments to be served on the following attorneys of record:

MICHAEL KLEIN
SEDGWICK LLP
919 Congress Ave., Suite 1250
Austin, Texas 78701
512.481.8400
512.481.8444
michael.klein@sedgwicklaw.com

*/s/ Aloysius Peter Thaddeus, Jr.*
**ALOYSIUS PETER THADDEUS, JR.**